FILED
Samuel L. Kay, Clerk
United States Bankruptcy Court
Brunswick, Georgia
By arowe at 12:55 pm, Dec 10, 2010

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Brunswick Division

| | | |
|---|---|---|
| IN RE: | ) | |
| ELIZABETH S. YOUNG | ) | CHAPTER 7 CASE |
| | ) | NUMBER <u>10-21463</u> |
| Debtor | ) | |

**ORDER DENYING APPLICATION FOR**
**WAIVER OF CHAPTER 7 FILING FEE**

This matter is before me on the Application for Waiver of the Chapter 7 Filing Fee ("Application") filed by Debtor Elizabeth S. Young. The Application is denied, because Young is able to pay the filing fee in installments.

**BACKGROUND**

Under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), the bankruptcy court may waive the chapter 7 filing fee for an individual debtor who meets two requirements. First, the debtor's income must be less than 150 percent of the official poverty line income applicable to the debtor's family size. 28 U.S.C. § 1930(f)(1). In addition, the debtor must be unable to pay the filing fee in installments. <u>Id.</u>

Here, it is apparent from the Application and the bankruptcy schedules, and not disputed by any party in interest, that Young satisfies the income requirement for a filing fee

AO 72A
(Rev. 8/82)

waiver.[1] At issue, however, is whether she is unable to pay the filing fee in installments.

The Application and the schedules show that Young's monthly expenses exceed her monthly income by $370. There are no discrepancies between the Application and the schedules, no indication of any collateral sources of income from family or friends, and no unreasonable expenses listed.

At the time her petition was filed, however, Young had a bank account balance of $2,000, which she listed in her Application and claimed as exempt on her Schedule C. Moreover, both the Application and the Disclosure of Compensation of Attorney For Debtor(s) show that Young agreed to pay an attorney $1,231 in connection with her case. When I initially reviewed the Application, the $2,000 claimed as exempt and the fee that Young agreed to pay her attorney raised the question of whether Young could pay the filing fee in installments notwithstanding her income.

"If . . . the application and schedules do not clearly establish the debtor's eligibility for a waiver, the Court will either deny the application or, if it deems further evidence is required in order to discern eligibility, set a hearing." In re

---

[1] Young's annual income of $11,748, calculated from the average monthly income shown on Line 16 of her Schedule I, is well below the disqualifying income of $16,245 for a one-person household. See *The HHS Poverty Guidelines for the Remainder of 2010*, http://aspe.hhs.gov/POVERTY/10poverty.shtml (August 2010).

2

Spisak, 361 B.R. 408, 412 (Bankr. D. Vt. 2007). The Application and schedules being inconclusive as to whether Young was eligible for a waiver, a hearing was set. During the hearing, the chapter 7 Trustee orally objected to the Application on the basis of the $2,000 claimed as exempt. Young was not present to testify and no other evidence was offered. Young's attorney, however, confirmed that Young had $2,000 in a bank account at the time of filing. He also stated that she had in the meantime spent all but $800, which was "absolutely the last bit of money she had to rely on anything for." (Hr'g on Application for Waiver of the Chapter 7 Filing Fee, Dec. 2, 2010.)

### DISCUSSION

It is the debtor's burden to prove by a preponderance of the evidence that the statutory requirements for waiver have been met. In re Burr, 344 B.R. 234, 236 (Bankr. W.D.N.Y. 2006). Under procedures established by the Judicial Conference of the United States and implemented by the courts, the totality of the circumstances determines whether the debtor is unable to pay the filing fee in installments. *JCUS Interim Procedures Regarding the Chapter 7 Fee Waiver Provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005*, ¶ II.A.5, http://www.uscourts.gov/FederalCourts/Bankruptcy/BankruptcyResources/JCUSInterrimProcedures.aspx (promulgated August 11, 2005); In

3

re Lephew, 380 B.R. 171, 176 (Bankr. W.D. Va. 2007); In re Spisak, 361 B.R. 408, 412 (Bankr. D. Vt. 2007); In re Robinson, No. 06-40288, 2006 WL 3498296, at *1 (Bankr. S.D. Ga. July 19, 2006); In re Nuttall, 334 B.R. 921, 923 (Bankr. W.D. Mo. 2005).

In examining the totality of the circumstances, courts have considered whether:

- expenses exceed income on the debtor's schedules;
- discrepancies exist between the debtor's application and the schedules;
- collateral sources of income from family or friends could be available to pay the filing fee;
- unreasonable expenses were listed that could be directed to the filing fee;
- an attorney would be paid by the debtor after the filing of the case;[2]
- property listed as exempt could be used to pay the filing fee.

Spisak, 361 B.R. at 413-14.

Here, the first four factors tend toward a determination that Young is <u>un</u>able to pay the filing fee in installments, while the last two factors tend toward a determination that she is able to pay the fee in installments. Under the circumstances here, the second two factors carry more

---

[2] Under the Judicial Conference procedures, a debtor may pay or promise to pay an attorney without being per se disqualified for a waiver of the filing fee. See JCUS Interim Procedures, ¶ II.A.5. The Judicial Conference procedures do not, however, prohibit courts from considering such payments in deciding whether the debtor is unable to pay the fee in installments.

weight, compelling me to conclude that Young is able to pay the filing fee in installments.

"There is no constitutional right to obtain a discharge of one's debts in bankruptcy." United States v. Kras, 409 U.S. 434, 446 (1973). Although the Bankruptcy Code as amended by BAPCPA now provides that courts may waive the filing fee for a chapter 7 case, this provision should apply only "to those who both have very modest income and truly are without other means to pay the requisite filing fee," In re Lephew, 380 B.R. at 179. The bankruptcy court in Lephew ruled that debtors who had no money to pay the filing fee by the date of the hearing would nevertheless be required to pay the filing fee in installments based on the thousands of dollars the debtors had available when the petition was filed. Id. Here, Young had enough money on the date of the hearing to pay the filing fee twice over, in addition to having had thousands of dollars available on the date the petition was filed. Young's attorney offered no evidence and no compelling reason why Young should not be required to pay the filing fee in installments under these circumstances.

Young's agreement to pay $1,231 to her attorney, considered in conjunction with the $2,000 in Young's bank account when the petition was filed, further demonstrates her ability to pay the filing fee in installments. "[A] debtor who can afford to

5

pay his attorney may very well be able to pay the filing fee as well." In re Nuttall, 334 B.R. at 925.

## CONCLUSION

Young has failed to prove by a preponderance of the evidence that she is eligible for a waiver of the chapter 7 filing fee under 11 U.S.C. § 1930(f)(1). Although her income is below the statutory ceiling, the totality of the circumstances indicates that Young is able to pay the filing fee in installments.

The Application for Waiver of the Chapter 7 Filing Fee is therefore **ORDERED DENIED** and

**FURTHER ORDERED** that Young must pay the chapter 7 filing fee in no more than four installments by March 2, 2011, that date being 120 days after the date of the filing of the petition under Rule 1006(b)(2) of the Federal Rules of Bankruptcy Procedure. Failure to timely pay the filing fee in full may subject the case to dismissal.

JOHN S. DALIS
United States Bankruptcy Judge

Dated at Brunswick, Georgia,
this 10th day of December, 2010.

AO 72A
(Rev. 8/82)